COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

MARRIOTT CORPORATION

MEMORANDUM OPINION[*]
v.   Record No. 2814-97-4                    PER CURIAM
                                         APRIL 28, 1998
JUDITH D. CONNELL

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(John K. Coleman; Slenker, Brandt, Jennings &
Johnston, on brief), for appellant.

(Howard B. Ackerman, on brief), for appellee.


Marriott Corporation ("employer") contends that the Workers' Compensation Commission ("commission") erred in finding that Judith D. Connell ("claimant") proved she was entitled to an award of temporary total disability benefits beginning June 17, 1996. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In granting claimant's application alleging a change in

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

condition, the commission found as follows:

> Each of the claimant's treating physicians, Dr. [Roger A.] Snyder, Dr. [Roger] Gisolfi and Dr. [Alec] Lebedun have said the claimant could not work. Only Dr. [Bruce] Smoller, a non-treating psychiatrist, who examined the claimant twice, in 1993 and again in 1996, said the claimant had no impairment that kept her from working. The Commission generally gives the greatest weight to the opinions of the treating doctors.
> Moreover, the claimant attempted light duty work but was not successful. Her testimony and the testimony of the supervisor, Mr. Barfield, proved her attempt was bona fide. After her try, the claimant's doctors, aware of her efforts at work, said she was disabled.

The medical records and opinions of Drs. Snyder, Gisolfi, and Lebedun, coupled with claimant's testimony regarding her unsuccessful attempt to perform light duty work, constitute credible evidence to support the commission's findings. Based upon this evidence, the commission could reasonably infer that claimant was totally disabled as of June 17, 1996. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). Moreover, the commission was entitled to give greater weight to the treating physicians' opinions. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986).

For these reasons, we affirm the commission's decision.

Affirmed.

2